FLORAL TRADE COUNCIL OF DAVIS, CALIFORNIA, PLAINTIFF *v.* UNITED STATES, DEFENDANT, AND ASSOCIACION COLOMBIANA DE EXPORTADORES DE FLORES, DEFENDANT-INTERVENOR

Court No. 88–10–00822

(Decided September 22, 1989)

*Stewart & Stewart (Eugene L. Stewart, Terence P. Stewart, James R. Cannon, Jr.* and *Jimmie V. Reyna),* for plaintiff.

*Stuart E. Schiffer,* Acting Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch (*Platte B. Moring, III),* Civil Division, United States Department of Justice and *Andrea Fekkes Dynes,* Office of the Chief Counsel for Import Administration, United States Department of Commerce, for defendant.

*Arnold & Porter (Patrick F.J. Macrory* and *C. Anthony Friedrich)* for defendant-intervenors.

OPINION

RESTANI, *Judge:* The court has before it plaintiff's motion for reconsideration and clarification of the court's opinion regarding the scope of the antidumping orders issued by ITA with respect to certain fresh cut flowers from Colombia, Ecuador and Mexico.

As should be apparent from reading the court's earlier opinion in this matter, Slip Op. 89–109 (July 31, 1989), that the court is of the view, based on the record herein, that the orders at issue here needed no "explanation or clarification" or at least, not that requested by plaintiff in its original moving papers. The court is of the view that plaintiff's attempt to broaden the orders to include

"daisies," such as marguerite, oxeye and shasta daisies, was an impermissible attempt to enlarge the scope of the orders.

Plaintiff, in support of its motion for reconsideration does not reargue that all daisies in the chrysanthemum genus are within the scope of ITA's orders. Rather, it now argues that ITA only reviewed three flowers, marguerite, oxeye, and shasta daisies, and that the scope determination should be amended to reflect that only those daisies are excluded from the order.

The court declines to order ITA to issue any specific amendment or to issue any specific instructions to the Customs Service. As far as the court is able to decipher, ITA, in its scope investigation, tried to ascertain which of the flowers commonly referred to as "daisies" might be of interest to plaintiff and concluded that such daisies were not within the scope of the order. If there was some other "daisy" not discussed by ITA which was of interest to plaintiff, it was its burden to make it known to ITA.

The antidumping orders at issue cover the flowers listed there. Thus, it should be absolutely clear that *pompon chrysanthemums are covered by the orders,* whether or not anyone ever refers to some variety thereof as a daisy. If this was unclear to anyone, it now should be clear. ITA's scope determination stands and the court assumes ITA will take appropriate action to prevent circumvention of its orders. The court, however, has been presented no basis upon which to order ITA to perform its administrative duties in any particular way in this matter.

Furthermore, the court declines to remove a sentence from its previous opinion finding plaintiff's use of certain portions of the record inappropriate. The court made no finding then, and makes none here, that plaintiff intended to mislead the court. The court, however, has reviewed the briefs at issue and finds no reason which would cause it to amend the statement.